**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Roberto ALEMAN, Defendant–Appellant.**

**No. 08–15653**
**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

July 20, 2009.

Roberto Aleman, Miami, FL, pro se.

Kathleen M. Salyer, Anne R. Schultz, U.S. Attorney's Office, Dawn Bowen, Miami, FL, for Plaintiff–Appellee.

Sentencing Guidelines. *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir.2008).

---

Before BIRCH, BLACK and HULL, Circuit Judges.

PER CURIAM:

Roberto Aleman, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion for a reduced sentence under 18 U.S.C. § 3582(c)(2) based on Amendments 599 and 706 to the Sentencing Guidelines. On appeal, Aleman argues that the district court erred by denying his § 3582(c)(2) motion because his Guidelines range was subsequently lowered by Amendment 706.

We review a district court's decision whether to reduce a sentence under § 3582(c)(2) for abuse of discretion and its conclusions regarding the scope of its legal authority *de novo*. *United States v. Williams*, 549 F.3d 1337, 1338 (11th Cir. 2008). A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a Guidelines range that has been lowered subsequently by the Sentencing Commission. 18 U.S.C. § 3582(c)(2).

Aleman was sentenced as a career offender under § 4B1.1, so the district court lacked authority to reduce his sentence under § 3582(c)(2) based on Amendment 706. *See United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir.2008), *cert. denied*, — U.S. —, 129 S.Ct. 965, 173 L.Ed.2d 156, *and* — U.S. —, 129 S.Ct. 1601, 173 L.Ed.2d 689 (2009). Additionally, Aleman abandoned any claim under § 3582(c)(2) motion based on Amendment 599 by failing to raise the issue in his

initial brief on appeal.[1] *See United States v. Thomas*, 242 F.3d 1028, 1033 (11th Cir. 2001) (noting that an appellant abandons an issue by failing to raise it in his initial brief). Accordingly, we affirm.

**AFFIRMED.**

---

1. Even if Aleman had not abandoned this claim, the district court did not err in denying his § 3582(c)(2) motion on the basis of Amendment 599. *See United States v. Armstrong*, 347 F.3d 905, 908 (11th Cir.2003).